ALB
2014R00151

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

JOSEPH VALERIO,

          Defendant.

- - - - - - - - - - - - - - - - -X

**MJ 14-0170**

COMPLAINT

M. No. _____
(18 U.S.C. § 2251(a))

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   FEB 25 2014   ★

LONG ISLAND OFFICE

EASTERN DISTRICT OF NEW YORK, SS.:

      STEVEN TROYD, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

      On or about and between September 10, 2010 and January 19, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO did knowingly and intentionally employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, which visual depictions were produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce.

      (Title 18, United States Code, Section 2251(a)).

      The source of my information and the grounds for my belief

are as follows:[1]

1. I have been employed as a Special Agent with the Federal Bureau of Investigation since 1994, and am currently assigned to the Squad C-41 which handles violent crimes on Long Island. The Long Island Child Exploitation Task Force is a component of the Squad C-41. I have experience investigating cases of human trafficking and child pornography, including participation in the execution of search warrants seeking such evidence. In addition, I have consulted with agents who are experienced in the conduct of child pornography and exploitation investigations regarding any conclusions stated herein.

2. I am familiar with the information contained in this affidavit based on my own personal participation in the investigation, my review of documents, my training and experience, and discussions I have had with other law enforcement personnel. Additionally, statements attributable to individuals herein are set forth in sum and substance and in part.

3. On January 28, 2014, law enforcement personnel executed a search warrant (Docket Number 14M0075) issued by the Honorable William D. Wall for the residence of defendant JOSEPH VALERIO in Smithtown, New York. This search warrant related to allegations that VALERIO had requested that child pornography

---

[1] Because the purpose of this complaint is merely to establish probable cause to arrest, I have not set forth all of the facts and circumstances concerning this investigation of which I am aware.

involving a three-year-old victim, Jane Doe #1, whose identity is known to the United States Attorney, be created outside the United States and sent to him here in the Eastern District of New York. At the time of the search, among other statements, VALERIO admitted that he had directed another person to make sexually explicit videos of this three-year-old victim and had requested that these videos be sent to him here in the United States. VALERIO was arrested for Sexual Exploitation of Child and is currently out on bond (Docket Number 14M0080).[2]

    4.    Pursuant to the search of the residence of defendant JOSEPH VALERIO, computer equipment and digital media were seized. Based upon a preliminary examination, a computer forensic expert located the e-mails wherein defendant JOSEPH VALERIO requested the images depicting the abuse of the three-year-old, as well as multiple videos depicting the abuse of the three-year-old victim.

    5.    Additionally, on a 4 gigabyte camera SD memory card, which was located in the computer room of defendant JOSEPH VALERIO's residence, a forensic expert located approximately 22 images of Jane Doe #2, date of birth 2005, whose identity is known to the United States Attorney. These images were recovered portions of video images which had been deleted from the SD card. These images

---

[2] This affidavit charges production of child pornography as to a second victim, described below. The information contained in this affidavit concerning the production of child pornography involving Jane Doe #1 is set forth as it is relevant to the knowledge and intent of defendant JOSEPH VALERIO.

depicted Jane Doe #2, at approximately age 6, wearing various costumes and in various stages of undress. Among the recovered images were images of Jane Doe #2: standing naked while wearing a wig; wearing a shirt and no pants or underwear, with focus on her vagina; lying naked on a couch with focus on her vagina, which appears to be red;[3] on a couch posed in lace stockings; and on a couch with a rear view of her buttocks and genital area, which appear to be red as if Jane Doe #2 had been spanked.[4] These images were created with a Samsung camera. Both the Samsung camera and the SD memory card were manufactured outside of New York State.

      6.    Investigators present at the search of the residence of defendant JOSEPH VALERIO who viewed the child pornography images of Jane Doe #2 recognized the basement and couch from VALERIO's Smithtown residence and recognized Jane Doe #2 in the images.

      7.    On February 24, 2014, Jane Doe #2 was interviewed. Jane Doe #2 confirmed that during sleepovers at the residence of defendant JOSEPH VALERIO, she had been taken down into VALERIO's basement, where he took video of her in various outfits. Jane Doe #2 described the outfits, which matched the outfits in the recovered images. After describing these outfits, Jane Doe #2 was shown

---

[3] Based upon my discussions with law enforcement personnel familiar with sexual abuse investigations who have examined these images, this is consistent with the sexual abuse of Jane Doe #2.

[4] I ask that Magistrate Brown initial here to indicate that the Court has reviewed these images and finds probable cause to believe the images are sexually explicit and constitute child pornography: _____.

non-pornographic images from the series of recovered images and identified herself in the images. Although Jane Doe #2 denied that she had been touched by VALERIO or that he had taken naked pictures of her, she identified images in the same series of recovered images as the sexually explicit images described above. In addition, the child described the circumstances where the images were created (i.e. VALERIO's basement), indicated that VALERIO took video of her and described the outfits visible in the images (prior to these images being shown to her for identification). Based upon conversations with law enforcement personnel familiar with child abuse investigations of children the same age as Jane Doe #2, it is common for children who have been abused to initially be fearful of revealing such abuse to law enforcement as they have often been threatened or coached as to not revealing this information

WHEREFORE, Your affiant respectfully requests that the defendant JOSEPH VALERIO be dealt with according to law.

Steven Troyd
Special Agent - FBI

Sworn to before me this
25th day of February, 2014

THE HONORABLE GARY R. BROWN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK